FAIRHURST, C.J. (dissenting)
*1214 ¶ 32 I disagree with the majority because I believe the answer to the first certified question is no. I agree with Justice Stephens' interpretation of the plain language of RCW 49.46.020 and join Sections I.B and I.D of her opinion.
¶ 33 I am not signing on to the other sections in Justice Stephens' opinion for a handful of reasons, summarized here. In Section I.A, Justice Stephens believes we must "understand[ ] what is meant by 'activities outside of piece-rate picking work.' " Dissent (Stephens, J.) at 1214.I agree with Justice Yu's reasoning that this "is a factual dispute beyond the scope of the certified question." Majority at 1208.
¶ 34 In Section I.C, Justice Stephens supports her plain meaning interpretation with administrative policies and guides from the Department of Labor and Industries (DLI). But since the plain language of the statute is unambiguous, our interpretive inquiry is at an end. State v. Armendariz, 160 Wash.2d 106, 110-11, 156 P.3d 201 (2007) ; see also Quinault Indian Nation v. Imperium Terminal Servs., LLC, 187 Wash.2d 460, 474, 387 P.3d 670 (2017) ("If a statute is ambiguous, an agency's promulgated rules help our interpretation."). Because consideration of these sources is unnecessary, I refrain from making a conclusive determination about DLI's position. Lastly, in Part II, Justice Stephens argues that the majority radically changes Washington law, silently embraces the California Labor Code, and creates unnecessary legal tasks for DLI and the legislature. While I agree that the majority incorrectly interpreted *628 RCW 49.46.020, I refrain from making these characterizations about the opinion or its potential impacts.